McGREGOR W. SCOTT
United States Attorney
R. STEVEN LAPHAM
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2724

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>LILI MARIE HOLLAND,<br><br>       Defendant. | CR. No. S-05-083 EJG<br><br>PLEA AGREEMENT<br><br>DATE:   October 14, 2005<br>TIME:   10:00 a.m.<br>COURT:  Courtroom 8 |

Pursuant to Rule 11(c) of the Federal Rules of Criminal Procedure, the United States and the defendant, Lili Marie Holland, through her counsel, agree as follows:

I.

INTRODUCTION

**A. Scope of Agreement:** This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This Plea Agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

////

1

**B. Court Not a Party:** The Court is not a party to this Plea Agreement. Sentencing is a matter solely within the discretion of the Court, the Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this Plea Agreement. If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw her guilty plea, and she will remain bound to fulfill all of the obligations under this Agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence she will receive.

## II.

### NATURE AND ELEMENTS OF CHARGES.

**A. Acknowledgment of Charges:** The defendant acknowledges that she has been charged by Superceding Indictment with two counts of attempted arson of a building in or affecting interstate commerce in violation of 18 U.S.C. §844(i), and one count of conspiracy to commit arson in violation of 18 U.S.C. § 844(n).

**B. Explanation and Understanding of Charge:** Defendant has read the charges against her and those charges have been explained to her by her attorney. Defendant fully understands the nature and elements of the crimes charged and what the government would be required to show in order to obtain a conviction.

////
////
////

III.

**DEFENDANT'S OBLIGATIONS**

**A. Guilty Plea:** The defendant will plead guilty to Count Two of the Superceding Indictment, agrees that she is in fact guilty of that charge, and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Elements of the Offense:** The defendant understands that to be convicted of the crime to which she is pleading guilty the government would have to show beyond a reasonable doubt each of the following elements:

(1) That on or about December 25, 2004, the defendant attempted to intentionally damage or destroy a building by means of fire;

(2) That the building which the defendant attempted to damage or destroy was used in interstate commerce or in an activity affecting interstate commerce; and

(3) That the defendant acted maliciously; that is, that she acted intentionally without just cause or excuse.

**C. Restitution:** By signing this Agreement, the defendant also agrees that the Court must order the payment of restitution for the full loss, if any, caused by the defendant's wrongful conduct.

**D. Special Assessment:** The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.

////
////

## IV.

## THE GOVERNMENT'S OBLIGATIONS

**A. No further charges:** The government agrees to move at the time of judgment and sentencing to dismiss the remaining charges against the defendant. The government also agrees to bring no further charges arising out of the facts set forth in Exhibit A.

**B. Recommendations:**

    **1. Term of Incarceration:** The government will recommend that the defendant initially be sentenced to the mandatory minimum 5 year term of imprisonment.

    **2. Motion for Downward Departure:** The government will move pursuant to 18 U.S.C. §3553(e) for imposition of a sentence below the statutory minimum term of incarceration to reflect the defendant's substantial assistance in the investigation and prosecution of another person who has committed an offense, and will recommend a sentence of 39 months. The defendant understands that such a motion is only a recommendation and is not binding on the court.

## V.

## MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum sentence which the Court can impose on the charge to which the defendant is pleading guilty is 20 years of incarceration, a 3 year period of supervised release, a fine of $250,000, and a special assessment of $100. By signing this Agreement, the defendant acknowledges that the Court can order the payment of restitution for the full loss caused by the defendant's wrongful conduct. The defendant further agrees that she will not attempt to discharge in any present or future bankruptcy proceeding

any restitution imposed by the Court.

**B. Minimum Sentence:** The minimum term of imprisonment which the court may impose on the charge to which the defendant is pleading guilty is 5 years.

**C. Violations of Supervised Release:** The defendant understands and agrees that if she violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two additional years imprisonment.

## VI.

### SENTENCING DETERMINATION

**A. Statutory Authority:** The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, __ U.S. __, 125 S.Ct. 738 (2005)) and must take them into account when determining a final sentence. Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable

in light of the factors set forth in 18 U.S.C. § 3553(a).

B. **Stipulations Affecting Guidelines Calculation:** The government and the defendant agree that there is no material dispute as to the following sentencing guideline variables and therefore stipulate to the following:

1. **Base Offense Level:** Pursuant to USSG §2K1.4(a)(1), the base offense level for Count 2 is 20.

2. **Specific Offense Characteristics:** None.

3. **Victim-related Adjustments:** None.

4. **Role in the Offense Adjustment:** None.

5. **Obstruction Adjustment:** None.

6. **Decrease for Acceptance of Responsibility:** 3

7. **Criminal History:** The parties agree that the defendant has a Criminal History Category of I.

8. **Resulting Guideline Range:** 24-30 months. Due to the mandatory minimum sentence in this case, pursuant to USSG § 5G1.1, the applicable guideline sentence is 60 months.

## VII.

## WAIVERS

A. **Waiver of Constitutional Rights:** The defendant understands that by pleading guilty she is waiving the following constitutional rights:

1. **Public and Speedy Trial:** If defendant were to plead not guilty to the charges in the indictment, she would be entitled to a public and speedy trial.

2. **Jury Trial, Presumption of Innocence, Unanimous Verdict:** The defendant has an absolute right to a jury trial. At that trial, the jury would be instructed that the defendant is

presumed innocent and that she carries that presumption throughout the trial until such time as the government overcomes the presumption by evidence adduced at the trial. The jury would be further instructed that it could not convict the defendant unless all twelve jurors agreed that the government had proved guilt beyond a reasonable doubt.

3. **Confrontation of Witnesses:** At the trial, the defendant would be entitled to see, hear and confront the witnesses and the evidence against her. These witnesses would be testifying under the penalty of perjury and would be subject to cross-examination by the defendant's attorney.

4. **Compulsory Process:** At the trial, the defendant would be entitled to present witnesses and other evidence in her own behalf and, if the witnesses refused to appear voluntarily, the defendant would be entitled to use the court's process to compel their attendance.

5. **Privilege Against Self Incrimination:** At a trial, the defendant would have a privilege against self-incrimination so that she could not be compelled to testify and the jury could be instructed that no inference of guilt could be drawn from the defendant's failure to testify.

6. **Right to Appeal:** If, after a trial, the defendant were convicted, she would have a right to appeal the conviction.

7. **Representation of Counsel:** The defendant is entitled to be represented by competent counsel through all stages of the case, including appeal, and if the defendant could not afford an attorney one would be appointed for her by the court.

Defendant understands that by pleading guilty she is

waiving all of the rights set forth above. Defendant's attorney has explained those rights to her and the consequences of her waiver of those rights and the defendant freely and voluntarily consents to said waiver.

    **B.    Waiver of Appeal Rights and Collateral Attack:** The defendant agrees to waive all rights to appeal this plea and sentence and to attack collaterally this plea and sentence whether by way of a motion pursuant to 28 U.S.C. § 2255 or otherwise, provided she is sentenced in accordance with the parties' stipulations.

    If the defendant's conviction on any of the counts to which she is pleading is ever vacated at the defendant's request, or her sentence is ever reduced at her request, the government shall have the right (1) to prosecute the defendant on any of the counts to which she pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this agreement; and (3) to file any new charges that would otherwise be barred by this agreement. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses she might have to the government's decision. In particular, she agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

    **C.    Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive rights under the "Hyde Amendment," Section 617, P.L.

105-119 (Nov. 26, 1997), to recover attorneys fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this Agreement and any charges previously dismissed).

## VIII.
### APPROVALS AND SIGNATURES

**A. Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Agreement.

DATED: 10/14/05

JOSEPH J. WISEMAN
Counsel for Defendant

**B. Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines which may apply to my case. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: 10/14/05

LILI MARIE HOLLAND
Defendant

9

**C. Attorney for United States:**

I accept and agree to this Plea Agreement on behalf of the government.

DATED: Oct. 14, 2005

McGREGOR W. SCOTT
United States Attorney

By: _____
R. STEVEN LAPHAM
Assistant U.S. Attorney

10

**EXHIBIT "A"**

**Factual Basis for Plea**

On December 25, 2004, Ryan Lewis recruited three other individuals, Eva Holland, Jeremiah Colcleasure, and the defendant, Lili Holland, to accompany him to the Twelve Bridges housing development in Lincoln, California, for the purpose of placing incendiary devices in two homes then under construction on Flores Court. The targeted homes were being built by JTS Homes and were intended for resale in the retail housing market.

The components for the incendiary devices had previously been constructed by Ryan Lewis and placed by Lewis in the back of his car. In the early morning hours of December 25, Lewis drove his car containing the incendiary devices and his three accomplices, including the defendant, to the Twelve Bridges development. After arriving at Flores Court, the defendant assisted Ryan Lewis in placing the devices in two of the homes and rigging them to function. The incendiary devices did not function properly but were capable of causing extensive fire damage to the structures if they had successfully functioned.

1